1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  GREGORY PERRY,                          )        No. C 10-2882 LHK (PR)
                                            )
12          Plaintiff,                      )        ORDER OF DISMISSAL
                                            )        WITH LEAVE TO AMEND
13      v.                                  )
                                            )
14  C. MCFARLAND, Correctional Officer, et  )
    al.,                                    )
15                                          )
            Defendants.                     )
16  _____)

17          Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42

18  U.S.C. § 1983 seeking damages for alleged civil rights violations.  Plaintiff is granted leave to

19  proceed in forma pauperis in a separate order.  For the reasons stated below, the Court dismisses

20  the complaint with leave to amend.

21                                    **DISCUSSION**

22  A.      Standard of Review

23          A federal court must conduct a preliminary screening in any case in which a prisoner

24  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

25  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

26  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

27  seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

28  § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

1   *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2   　　　To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1)

3   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

4   alleged violation was committed by a person acting under the color of state law. *See West v.*

5   *Atkins*, 487 U.S. 42, 48 (1988).

6   B.   Legal Claims

7   　　　Although Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain

8   statement of the claim showing that the pleader is entitled to relief," Plaintiff's complaint is too

9   sparse to "give the defendant fair notice of what the . . . . claim is and the grounds upon which it

10   rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Plaintiff's complaint

11   refers to inmate appeal forms, however, there are no copies of any inmate appeal forms attached

12   to his complaint.

13   　　　Plaintiff's first claim states that Defendant McFarland's "professional negligence and

14   disregard toward my physical health hindered me from receiving adequate medical care."

15   (Complaint at 3.)  A claim of medical malpractice or negligence is insufficient to make out a

16   violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir.

17   2004).  It appears that Plaintiff may be trying to allege that McFarland was deliberately

18   indifferent to his serious medical needs; however, Plaintiff's allegation is too vague to determine

19   at this time whether he can proffer facts in support of a claim which would entitle him to relief.

20   Moreover, the Court cannot determine what those needs were or what McFarland did or did not

21   do which violated Plaintiff's rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988)

22   (recognizing that liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if

23   the plaintiff can show that the defendant proximately caused the deprivation of a federally

24   protected right).  Because district courts must afford pro se prisoner litigants an opportunity to

25   amend to correct any deficiency in their complaints, *see Lopez v. Smith*, 203 F.3d 1122, 1126-27

26   (9th Cir. 2000) (en banc), this claim will be dismissed with leave to amend if Plaintiff can do so

27   in good faith.

28   　　　Plaintiff must specifically identify what McFarland did or did not do in order to state a

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.10\Perry882dwla.wpd                2

1   claim with regard to this claim.  Plaintiff is advised that a person deprives another of a

2   constitutional right within the meaning of section 1983 if he does an affirmative act, participates

3   in another's affirmative act or omits to perform an act which he is legally required to do, that

4   causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633; *see, e.g.,*

5   *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to

6   prevent Eighth Amendment violation may be basis for liability).  Sweeping conclusory

7   allegations will not suffice; Plaintiff must instead "set forth specific facts as to each individual

8   defendant's" deprivation of protected rights.  *Leer*, 844 F.2d at 634.

9       Plaintiff next claims that Correctional Sergeant E. Ivey failed to conduct an interview

10   with him on August 26, 2009.  It appears that Ivey responded to one of Plaintiff's administrative

11   appeals.  However, there is no constitutional right to a prison administrative appeal or grievance

12   system.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).  Although there certainly is a

13   right to petition the government for redress of grievances, there is no right to a response or any

14   particular action.  *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to

15   petition the government for redress . . . is not compromised by the prison's refusal to entertain

16   his grievance.").  To the extent Plaintiff is complaining about Ivey's failure to correctly process

17   his administrative grievance, the claim is DISMISSED for failure to state a claim.  Other than

18   this general allegation, Plaintiff has made no specific factual allegations against Ivey by which

19   this Court can liberally construe a cognizable claim.  Accordingly, Ivey is DISMISSED from this

20   action without prejudice.

21       Plaintiff's third claim is that Facility Captain C.B. Tucker signed an agreement with

22   McFarland and Ivey "covering their professional negligence and her own professional

23   negligence."  Plaintiff's claims of negligence and a general "cover up" against Tucker fails to

24   state a claim.  Neither negligence nor gross negligence is actionable under § 1983 in the prison

25   context.  *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994).  Other than this general

26   allegation, Plaintiff has made no specific factual allegations against Tucker by which this Court

27   can liberally construe a cognizable claim.  Accordingly, Tucker is DISMISSED from this action

28   without prejudice.

**CONCLUSION**

1.      Defendants Ivey and Tucker are DISMISSED from this action without prejudice.

2.      Plaintiff's complaint is DISMISSED with leave to amend.  Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above if he can do so in good faith.  The amended complaint must include the caption and civil case number used in this order (C 10-2882 LHK (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint by reference.  **Failure to file an amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

3.      Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4.      It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   10/7/2010     _____

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.10\Perry882dwla.wpd                    4