IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY PERRY,<br><br>    Plaintiff,<br><br>  vs.<br><br>C. MCFARLAND,<br><br>    Defendant. | No. C 10-2882 LHK (PR)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Docket No. 12) |

Plaintiff, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant Correctional Officer C. McFarland. Defendant has moved for summary judgment. Although given an opportunity, Plaintiff has not filed an opposition. Having carefully considered the papers submitted, the Court hereby GRANTS Defendant's motion for summary judgment, for the reasons set out below.

## BACKGROUND[1]

On July 15, 2009, around 3:00 or 3:30 p.m., Plaintiff told Defendant that he was experiencing dizziness and headaches. (Am. Compl. at 5; Decl. McFarland at ¶ 2.)[2] Plaintiff said the symptoms he was having were consistent with Valley Fever, and requested medical

---

[1] The following facts are undisputed unless otherwise indicated.

[2] When referring to Plaintiff's Amended Complaint, the Court will cite to the page numbers as generated by CM/ECF.

1  attention. (Decl. McFarland at ¶ 2.) Defendant did not believe Plaintiff, and did not give
2  Plaintiff a pass to the clinic because he believed that Plaintiff "looked ok." (Am. Compl. at 5, 7.)
3  Following prison procedure, Defendant phoned the clinic and relayed the information to the
4  clinic. (Decl. McFarland at ¶ 2.) The clinic informed Defendant that Plaintiff did not have a
5  medical emergency, and he would not be able to be attended to in the clinic at that time. (*Id.*)
6     At approximately 3:40 p.m. that same day, Registered Nurse Newton saw Plaintiff in the
7  medical clinic. (Decl. Newton at ¶¶ 1, 2.) Newton took Plaintiff's vitals, and they were within
8  normal range. (*Id.* at ¶ 2.) Newton did not believe that Plaintiff was suffering from any
9  emergency, and scheduled Plaintiff with a doctor's appointment for the following week. (*Id.*)
10    Plaintiff claims that Defendant was deliberately indifferent toward his medical needs, and
11 his disbelief of Plaintiff's needs caused Plaintiff's medical condition to worsen.

**MOTION FOR SUMMARY JUDGMENT**

13 I.    Legal Standard
14    Summary judgment is proper where the pleadings, discovery and affidavits demonstrate
15 that there is "no genuine issue as to any material fact and that the moving party is entitled to
16 judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect
17 the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute
18 as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a
19 verdict for the nonmoving party. *Id.*
20    The party moving for summary judgment bears the initial burden of identifying those
21 portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine
22 issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Where the moving
23 party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no
24 reasonable trier of fact could find other than for the moving party. But on an issue for which the
25 opposing party will have the burden of proof at trial, the moving party need only point out "that
26 there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.
27    Once the moving party meets its initial burden, the nonmoving party must go beyond the
28 pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a

1  genuine issue for trial." Fed. R. Civ. P. 56(e).  The Court is only concerned with disputes over
2  material facts and "factual disputes that are irrelevant or unnecessary will not be counted."
3  *Anderson*, 477 U.S. at 248.  It is not the task of the Court to scour the record in search of a
4  genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The
5  nonmoving party has the burden of identifying, with reasonable particularity, the evidence that
6  precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the
7  moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

8  II.  Analysis

9  Plaintiff claims that Defendant was deliberately indifferent to his medical needs in
10 violation of the Eighth Amendment.  Defendant argues that Plaintiff did not have a "serious"
11 medical need, and there was no evidence that Defendant disregarded a substantial risk of harm to
12 Plaintiff by failing to designate Plaintiff's condition as an emergency.

13 Deliberate indifference to serious medical needs violates the Eighth Amendment's
14 proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104
15 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*,
16 *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A
17 determination of "deliberate indifference" involves an examination of two elements: the
18 seriousness of the prisoner's medical need and the nature of a defendant's response to that need.
19 *See McGuckin*, 974 F.2d at 1059.

20 A "serious" medical need exists if the failure to treat a prisoner's condition could result
21 in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974
22 F.2d at 1059 (*citing Estelle*, 429 U.S. at 104).  The existence of an injury that a reasonable doctor
23 or patient would find important and worthy of comment or treatment; the presence of a medical
24 condition that significantly affects an individual's daily activities; or the existence of chronic and
25 substantial pain are examples of indications that a prisoner has a "serious" need for medical
26 treatment. *Id.* at 1059-60 (*citing Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

27 Here, there is an absence of evidence that Plaintiff's condition was a "serious" medical
28 need. Nurse Newton examined Plaintiff within one hour of his initial complaint to Defendant,

1  and noted that Plaintiff reported having experienced dizziness, headaches, back and neck pain,
2  and difficulty sleeping at intermittent and random times over the course of the week. (Decl.
3  Newton at ¶ 2.) Newton took Plaintiff's vitals, including his temperature, pulse, respiration, and
4  blood pressure, and all the results were within normal ranges. (*Id.*) Newton observed Plaintiff
5  acting normally, and opined that Plaintiff appeared comfortable. (*Id.*) Taken together, the
6  evidence presented, without more, is insufficient to establish that Plaintiff was suffering from a
7  "serious" medical need that would result in further significant injury if left untreated. *See*
8  *McGuckin*, 974 F.2d at 1059.

9        Moreover, even assuming that Plaintiff had a "serious" medical need, there is an absence
10 of evidence that Defendant knew that Plaintiff faced a substantial risk of serious harm, and then
11 disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S.
12 825, 837 (1994). Here, the undisputed evidence shows that Plaintiff approached Defendant to let
13 him know that he had been feeling ill. (Decl. McFarland at ¶ 2.) Defendant called the medical
14 clinic and reported Plaintiff's symptoms, as prison procedure requires him to do when a prisoner
15 requests urgent care. (*Id.*) The medical clinic told Defendant that Plaintiff was not experiencing
16 an emergency, and that he would not be seen at that time. (*Id.*) Defendant's response to
17 Plaintiff's request for medical care was not only reasonable, but was mandated by the prison's
18 policy. Moreover, within ten to forty minutes of this incident, Plaintiff was actually seen at the
19 medical clinic by a Registered Nurse who determined that Plaintiff's vital signs were normal.
20 (Decl. Newton at ¶ 2.) Thus, there is an absence of evidence that Plaintiff was facing a
21 substantial risk of serious harm, as well as an absence of evidence that Defendant failed to take
22 reasonable steps to abate it. *See Farmer*, 511 U.S. at 837.

23       Accordingly, there is no genuine issue of material fact as to whether Defendant acted
24 with deliberate indifference to Plaintiff's medical needs. Defendant is entitled to judgment as a
25 matter of law.[3]

---

[3] Because the Court grants Defendant's motion for summary judgment on the merits, it is unnecessary to discuss Defendant's assertion that he is entitled to qualified immunity.

**CONCLUSION**

Defendant's motion for summary judgment is GRANTED. Judgment shall be entered in favor of Defendant. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 11/3/11

LUCY H. KOH
United States District Judge